IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHERYL WILLIAMS,       )
       Plaintiff,      )
                       )
    v.                 )    Civil Action No. 04-1200
                       )
JOHN E. POTTER, Postmaster )
General, U.S. Postal Service, )
       Defendant.      )

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                              February 28, 2006

Plaintiff, acting pro se, has filed a civil complaint alleging that during the course of her employment with the United States Postal Service she was discriminated against on the basis of her gender, age, and disability. For the reasons set forth below, in accordance with Fed.R.Civ.P. 41(b), the complaint will be dismissed for plaintiff's failure to prosecute.

I.  BACKGROUND

The docket in this case shows that plaintiff has consistently failed to cooperate in defendant's efforts to seek discovery. This court was required to enter orders to compel plaintiff to turn over discovery, to sign medical authorizations, and to compel her appearance at her own deposition. Plaintiff

has failed to appear twice for her own deposition in defiance of this court's order dated January 27, 2006 that she do so. On February 13, 2006, the court entered an order requiring plaintiff to show cause why her complaint should not be dismissed for failure to prosecute. She filed a reply in which she contends numerous ailments precluded her from attending the deposition. Upon review of her explanation, the court finds that it is wholly inadequate to justify her failure to cooperate in discovery.

Finally, the record shows that the plaintiff has failed to file her pretrial statement, which is now overdue.

II. DISCUSSION

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the court of appeals established guidelines to determine whether to dismiss an action for a litigant's failure to prosecute. Accordingly, the court must take into consideration: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to comply with scheduling orders and to respond to discovery; 3) the history of delay; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) the availability and effectiveness of alternative sanctions; and 6) the merit of the claim or defense. Id. at 868. With the

foregoing factors in mind, the court turns to the circumstances of this case.

1) <u>The extent of the party's personal responsibility</u>.

This clearly is not a case where a party's rights are being sacrificed because her attorney is in contempt of a court order. Plaintiff is acting <u>pro se</u> and is responsible directly for the consequences of any action or inaction taken by her in this litigation.

2) <u>Prejudice to the adversary</u>.

Because plaintiff seeks damages from defendant, if plaintiff never prosecutes the case, the defendant indirectly prevails. Yet, defendant, like all parties, has a greater interest in having litigation brought to an end. Defendant is prejudiced by the uncertainty, expense and inconvenience that are inherent when a case such as this extends indefinitely.

3) <u>A history of dilatoriness</u>.

Other than file the complaint, we fail to see where plaintiff has taken any substantial action to prosecute this case.

4) <u>Whether plaintiff's conduct was willful or in bad faith</u>.

We find that plaintiff's explanations for failing to cooperate in discovery, if not done in bad faith, at least show a conscious disregard for her obligations under the Federal Rules of Civil Procedure.

5) <u>Alternative sanctions</u>.

Generally, the most effective sanction that can be levied against a party or her attorney is the imposition of the costs incurred by the adversary. However, because plaintiff is proceeding <u>pro se</u> and apparently unable to retain an attorney, the threat of monetary sanctions is, as a practical matter, nonexistent. Additionally, because plaintiff is not an attorney, the court is unable to impose disciplinary action against plaintiff. Thus, the court finds that no effective alternative sanctions can be imposed on plaintiff.

6) <u>Merits of the claim</u>.

Upon review of the complaint we cannot say that it is frivolous as a matter of law, however, because no discovery has taken place, we are not in a position to determine the merits of the claim. However, upon review of the record as a whole, the

court concludes that plaintiff's likelihood of succeeding on the merits is slight.

III. CONCLUSION

Upon consideration of all the above factors, the court finds that they weigh in favor of dismissing the complaint. Thus, the complaint will be dismissed for plaintiff's failure to prosecute. The appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL WILLIAMS,<br>    Plaintiff,<br><br>v.<br><br>JOHN E. POTTER, Postmaster<br>General, U.S. Postal Service,<br>    Defendant. | )<br>)<br>)<br>)   Civil Action No. 04-1200<br>)<br>)<br>)<br>) |

ORDER

AND NOW, this 28th day of February, 2006, IT IS HEREBY ORDERED that this action is DISMISSED. The Clerk of Court is directed to mark the case closed.

BY THE COURT:

_____, J.

cc: All Counsel of Record

    Cheryl E. Williams
    205 Kendall Lane
    Bethel Park, PA 15102